UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X

| | | |
|---|---|---|
| PAUL IZZO, | : | **CIVIL ACTION NO.** |
| | : | **3:08-CV-163 (JCH)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOORE WALLACE NORTH AMERICA, | : | |
| INC., a subsidiary of RR DONNELLEY & | : | |
| SONS COMPANY operating as | : | |
| ANDREWS – CONNECTICUT, | : | |
| | : | |
| Defendant. | : | **FEBRUARY 5, 2008** |

-----------------------------------------------------------X

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant Moore Wallace North America, Inc. ("Defendant"), by its attorneys, Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., and Vedder Price P.C., hereby answers the Complaint of Plaintiff Paul Izzo ("Plaintiff" or "Izzo") as follows, in the same order as the paragraphs therein appear:

1.      Defendant admits the allegations in paragraph 1 of the Complaint.[1]

2.      Defendant admits the allegations in paragraph 2 of the Complaint.

---

[1]   Because Moore Wallace North America, Inc. is the only Defendant in this action, Plaintiff's repeated reference in the Complaint to "Defendants" is inaccurate.  Accordingly, Defendant responds to the allegations in the Complaint with the assumption that the use of the word "Defendant" or "Defendants" in the Complaint refers only to Moore Wallace North America, Inc.

3.      Defendant denies the allegations in paragraph 3 of the Complaint, except admits that R. R. Donnelley & Sons Company is a corporate parent of Defendant.

4.      Defendant admits the allegations in paragraph 4 of the Complaint.

5.      Defendant admits the allegations in paragraph 5 of the Complaint.

6.      Defendant admits the allegations in paragraph 6 of the Complaint.

7.      Defendant refers to Exhibit 1 to the Complaint for its content.

8.      Defendant denies the allegations in paragraph 8 of the Complaint, except admits that Plaintiff was paid a monthly salary of $20,000.00 for at least the first 15 months of his employment with Defendant, and refers to Exhibit 1 to the Complaint to the extent that paragraph 8 relies thereupon.

9.      Defendant refers to Exhibit 1 to the Complaint for its content.

10.      Defendant refers to Exhibit 1 to the Complaint for its content.

11.      Defendant refers to Exhibit 1 to the Complaint for its content.

12.      Defendant admits the allegations in paragraph 12 of the Complaint.

13.      Defendant admits the allegations in paragraph 13 of the Complaint.

14.      Defendant denies the allegations in paragraph 14 of the Complaint.

15.      Defendant denies the allegations in paragraph 15 of the Complaint.

16.      Defendant denies the allegations in paragraph 16 of the Complaint.

17.      Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Complaint, except admits that, at one point during his employment with Defendant, Plaintiff Complained about not calling on Time Warner.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant admits the allegations in paragraph 20 of the Complaint.

21.     Defendant admits the allegations in paragraph 21 of the Complaint.

22.     Defendant admits the allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Defendant denies the allegations in paragraph 24 of the Complaint.

25.     Defendant denies the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint, but admits that Plaintiff requested that Defendant discontinue the commission splits to which he had agreed.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Complaint, except admits that Plaintiff requested to be paid commissions on certain sales as though the commissions splits to which he had agreed did not exist.

30.     Defendant admits the allegations in paragraph 30 of the Complaint.

31.     Defendant denies the allegations in paragraph 31 of the Complaint, and denies any implication that it failed to pay Plaintiff the full amount of commissions which he was due.

-3-

32.    Assuming Plaintiff's use of the word "Defendant" in paragraph 31 of the Complaint should have been "Plaintiff," Defendant denies the allegations in paragraph 31, and denies any implication that it failed to pay Plaintiff the wages it owed him.

33.    Defendant denies the allegations in paragraph 33 of the Complaint, and denies any implication that it refused to pay Plaintiff the full commissions to which he was entitled.

34.    Defendant denies the allegations in paragraph 34 of the Complaint.

35 - 68.    Defendant repeats its answers to paragraphs 1 through 34 of the Complaint, as though fully set forth herein, in response to paragraphs 35 - 68.

69.    Defendant refers to Exhibit 1 to the Complaint for its content.

70.    Defendant denies the allegations in paragraph 70 of the Complaint.

71.    Defendant denies the allegations in paragraph 71 of the Complaint.

72.    Defendant denies the allegations in paragraph 72 of the Complaint, and denies any implication that it failed to pay Plaintiff compensation due him.

73.    Defendant denies the allegations in paragraph 73 of the Complaint, and denies any implication that it breached Plaintiff's employment agreement.

Defendant denies that Plaintiff is entitled to any of the relief requested, and denies the factual allegations, if any, contained in his prayer for relief.

**AS AND FOR A FIRST DEFENSE**

Plaintiff agreed with and accepted the commission splits in question in conjunction with his being allowed by Defendant to call on the accounts to which those splits applied.

**AS AND FOR A SECOND DEFENSE**

Even if Plaintiff were credited with 100% of the commissions that were subject to the splits in question, he would not be owed any money by Defendant because of the negative commission status he was in as a result of not achieving sales at a level sufficient to earn commissions that equaled or exceeded his draw.

**AS AND FOR A THIRD DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.


**WHEREFORE,** Defendant prays that the Court dismiss Plaintiff's Complaint, and award Defendant its attorneys fees, costs and disbursements herein, along with such further relief as the Court deems just and proper.

Dated at Bridgeport, Connecticut this 5th day of February, 2008.

/s/_____
Loraine M. Cortese-Costa
Durant, Nichols, Houston, Hodgson
& Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT 06604
Tel. (203) 366-3438
Fax (203) 384-0317
Federal Bar No.:  ct03984
Lcortese-costa@durantnic.com

Jonathan A. Wexler, Esq.
Vedder Price P.C.
1633 Broadway – 47th Floor
New York, New York  10019
Telephone (212) 407-7732
Fax (212) 407-7799
jwexler@vedderprice.com

ATTORNEYS FOR DEFENDANT

P:\lit\LCC\887900\005\00065837.DOC

-6-

**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing was served this 5th day of February, 2008,

via electronic mail upon the following counsel of record:

Thomas W. Bucci, Esq.
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT  06604

/s/_____
Loraine M. Cortese-Costa

-7-