UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
PAUL IZZO,                                      :  CIVIL ACTION NO.
                                                :  3:08-CV-00163(JCH)
        Plaintiff,                              :
                                                :
    v.                                            :
                                                :
MOORE WALLACE NORTH AMERICA,                    :
INC., a subsidiary of RR DONNELLEY &            :
SONS COMPANY operating as                       :
ANDREWS – CONNECTICUT, and                      :
and DAVID LaBROAD, individually,                :
                                                :
        Defendants.                             :
------------------------------------------------------------X   January 8, 2009

## ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM

Defendants Moore Wallace North America, Inc. ("Moore Wallace") and David LaBroad ("LaBroad") (collectively, "Defendants"), by their attorneys, Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., and Vedder Price P.C., hereby answer the amended complaint (the "complaint") of Plaintiff Paul Izzo ("Plaintiff" or "Izzo") as follows, in the same order as the paragraphs therein appear:

    1.    Defendants deny having violated the law in its treatment of Plaintiff, and deny having otherwise violated Plaintiff's rights.

    2.    Defendants deny that Plaintiff is entitled to any of the relief described in paragraph 2 of the complaint.

    3.    Defendants admit the allegations in paragraph 3 of the complaint.

4. Defendants admit the allegations in paragraph 4 of the complaint.

5. Defendants admit the allegations in paragraph 5 of the complaint upon information and belief.

6. Defendants admit the allegations in paragraph 6 of the complaint.

7. Defendants deny the allegations in paragraph 7 of the complaint, except admit that R.R. Donnelley & Sons Company is a corporate parent of Moore Wallace.

8. Defendants admit the allegations in paragraph 8 of the complaint.

9. Defendants refer to Exhibit 1 to the complaint for its content.

10. Defendants admit the allegations in paragraph 10 of the complaint.

11. Defendants admit the allegations in paragraph 11 of the complaint.

12. Defendants admit the allegations in paragraph 12 of the complaint.

13. Defendants deny the allegations in paragraph 13 of the complaint and refer to Exhibit 1 to the complaint for its content.

14. Defendants refer to Exhibit 1 to the complaint for its content.

15. Defendants are without knowledge or information sufficient to form a belief as the to the truth or falsity of the allegations in paragraph 15 of the complaint.

16. Defendants are without knowledge or information sufficient to form a belief as the to the truth or falsity of the allegations in paragraph 16 of the complaint.

17. Defendants are without knowledge or information sufficient to form a belief as the to the truth or falsity of the allegations in paragraph 17 of the complaint.

18. Defendants are without knowledge or information sufficient to form a belief as the to the truth or falsity of the allegations in paragraph 18 of the complaint.

19. Defendants admit the allegations in paragraph 19 of the complaint, and refer to Exhibit 1 to the complaint to the extent that paragraph 19 relies thereupon.

20. Defendants admit the allegations in paragraph 20 of the complaint.

21. Defendants deny the allegations in paragraph 21 of the complaint and refer to Exhibit 1 to the complaint for its content.

22. Defendants are without knowledge or information sufficient to form a belief as the to the truth or falsity of the allegations in paragraph 22 of the complaint.

23. Defendants deny the allegations in paragraph 23 of the complaint and refer to Exhibit 1 to the complaint for its content.

24. Defendants deny the allegations in paragraph 24 of the complaint and refer to Exhibit 1 to the complaint for its content.

25. Defendants admit the allegations in paragraph 25 of the complaint.

26. Defendants deny the allegations in paragraph 26 of the complaint.

27. Defendants deny the allegations in paragraph 27 of the complaint.

28. Defendants deny the allegations in paragraph 28 of the complaint.

29. Defendants deny the allegations in paragraph 29 of the complaint.

30. Defendants deny the allegations in paragraph 30 of the complaint, except admit that Plaintiff complained about not calling on Time Warner.

31. Defendants deny the allegations in paragraph 31 of the complaint.

32. Defendants deny the allegations in paragraph 32 of the complaint.

33. Defendants deny the allegations in paragraph 33 of the complaint.

34. Defendants deny the allegations in paragraph 34 of the complaint.

35. Defendants deny the allegations in paragraph 35 of the complaint.

36. Defendant deny the allegations in paragraph 36 of the complaint.

37. Defendants deny the allegations in paragraph 37 of the complaint, except admit that Plaintiff discussed the terms of his employment with Steve Finzer.

38. Defendants deny the allegations in paragraph 38 of the complaint.

39. Defendants are without knowledge or information as to what Plaintiff believed, and state that Plaintiff voluntarily accepted the amendment to his employment agreement, and related employment terms and conditions.

40. Defendants deny the allegations in paragraph 40 of the complaint.

41. Defendants deny the allegations in paragraph 41 of the complaint.

42. Defendants deny the allegations in paragraph 42 of the complaint.

43. Defendants deny the allegations in paragraph 43 of the complaint, except admit that Plaintiff protested the split-commission arrangements into which he had voluntarily entered.

44. Defendants deny the allegations in paragraph 44 of the complaint.

45. Defendants admit the allegations in paragraph 45 of the complaint upon information and belief.

46.	Defendants deny the allegations in paragraph 46 of the complaint.

47.	Defendants deny the allegations in paragraph 47 of the complaint, except admit that Plaintiff protested the split-commission arrangements into which he had voluntarily entered.

48.	Defendants deny the allegations in paragraph 48 of the complaint, except admit that Plaintiff protested the split-commission arrangements into which he had voluntarily entered.

### FIRST CLAIM

49.	Defendants repeats their answers to paragraphs 1 through 48 of the complaint, as though fully set forth herein, in response to paragraph 49.

50.	Defendants deny the allegations in paragraph 50 of the complaint and deny the implication that Moore Wallace failed or refused to pay Plaintiff the commissions he was owed.

51.	Defendants deny the allegations in paragraph 51 of the complaint and deny the implication that Moore Wallace failed or refused to pay Plaintiff the wages he was owed.

52.	Defendants deny the allegations in paragraph 52 of the complaint and deny the implication that Moore Wallace failed or refused to pay Plaintiff the wages he was owed.

53.	Defendants deny the allegations in paragraph 53 of the complaint.

### SECOND CLAIM

54.	Defendants repeats their answers to paragraphs 1 through 53 of the complaint, as though fully set forth herein, in response to paragraph 54.

55.	Defendants admit the allegations in paragraph 55 of the complaint.

56.	Defendants deny the allegations in paragraph 56 of the complaint.

57.     Defendants deny the allegations in paragraph 57 of the complaint.

58.     Defendants deny the allegations in paragraph 58 of the complaint.

59.     Defendants deny the allegations in paragraph 59 of the complaint.

60.     The allegations in paragraph 60 of the complaint constitute mere legal assertion to which no response is required.  To the extent, however, that paragraph 60 contains any factual allegations, Defendants deny the same.

61.     Defendants deny the allegations in paragraph 61 of the complaint.

62.     Defendants deny the allegations in paragraph 62 of the complaint.

## THIRD CLAIM

63.     Defendants repeats their answers to paragraphs 1 through 62 of the complaint, as though fully set forth herein, in response to paragraph 63.

64.     Defendants deny the allegations in paragraph 64 of the complaint.

65.     Defendants deny the allegations in paragraph 65 of the complaint.

66.     Defendants are without knowledge or information sufficient to form a belief as the to the truth or falsity of the allegations in paragraph 66 of the complaint.

67.     Defendants deny the allegations in paragraph 67 of the complaint.

68.     Defendants deny the allegations in paragraph 68 of the complaint.

69.     Defendants deny the allegations in paragraph 69 of the complaint.

70.     Defendants deny the allegations in paragraph 70 of the complaint.

71.     Defendants deny the allegations in paragraph 71 of the complaint.

72. Defendants deny the allegations in paragraph 72 of the complaint and refer to Plaintiff's employment agreement for its content.

73. Defendants deny the allegations in paragraph 73 of the complaint.

74. Defendants deny the allegations in paragraph 74 of the complaint.

75. Defendants are without knowledge or information sufficient to form a belief as the to the truth or falsity of the allegations in paragraph 75 of the complaint.

76. Defendants are without knowledge or information sufficient to form a belief as the to the truth or falsity of the allegations in paragraph 76 of the complaint. Further answering, Defendants state that Plaintiff, in February 2006, knowingly falsely denied having had a romantic relationship with Currie, and, in February 2007, admitted to having had such a relationship with Currie, and that MetLife requested Plaintiff's removal from said account as a result.

77. Defendant denies the allegations in paragraph 77 of the complaint and deny the implication that Moore Wallace failed or refused to pay Plaintiff the commissions he was owed.

78. Defendant denies the allegations in paragraph 78 of the complaint and deny the implication that Moore Wallace failed or refused to pay Plaintiff the commissions he was owed.

Defendant denies that Plaintiff is entitled to any of the relief requested, and denies the factual allegations, if any, contained in his prayer for relief.

### AS AND FOR A FIRST DEFENSE

Plaintiff agreed with and accepted the commission splits in question in conjunction with his being allowed by Defendant to call on the accounts to which those splits applied.

### AS AND FOR A SECOND DEFENSE

Even if Izzo were credited with 100% of the commissions that were subject to the splits in question, he would not be owed any money by Defendant because of the negative commission status he was in as a result of not achieving sales at a level sufficient to earn commissions that equaled or exceeded his draw.

### AS AND FOR A THIRD DEFENSE

Having continued his employment at Moore Wallace after having been advised of the MetLife and Vonage commission splits, Plaintiff assented to those arrangements.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's claim for breach of his employment agreement is limited or barred by the 2005 amendment to that agreement, and by accord and satisfaction, estoppel, and ratification.

### AS AND FOR A FIFTH DEFENSE

If Plaintiff prevails in his claim that the Vonage commission split was invalid, then the payments made by Moore Wallace to Plaintiff pursuant to the Vonage commission split for Vonage business not generated by Plaintiff's sales efforts constitute an offset to and a reduction of any damages to which Plaintiff is deemed entitled in this case.

## AS AND FOR A SIXTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A SEVENTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIM

By way of a counterclaim, Moore Wallace states as follows:

1. In this action, Izzo claims that he did not agree to the 50/50 commission split arrangement to which he and David Perry were party in connection with Vonage (the "Vonage split"), and, thus, that the Vonage split was neither valid nor binding on him.

2. Pursuant to the Vonage split, Izzo received commission payments on the basis of business with and revenue from Vonage which Izzo did not generate through his sales efforts, and which were generated through the sales efforts of Perry.

3. Pursuant to the Vonage split, Perry received commission payments on the basis of business with and revenue from Vonage which Perry did not generate through his sales efforts, and which were generated through the sales efforts of Izzo.

4. The amount of commission payments on Vonage sales that Izzo received as a result of the sales efforts of Perry exceeded the amount of commission payments on Vonage sales that Perry received as a result of the sales efforts of Izzo.

5. In the event that Izzo establishes that the Vonage split was not binding on him, he will be obligated to repay Moore Wallace the difference between the amount of commission payments on Vonage sales that Izzo received as a result of the sales efforts of Perry and the amount of commission payments on Vonage sales that Perry received as a result of the sales efforts of Izzo.

**WHEREFORE,** Defendants pray that the Court dismiss Plaintiff's complaint, and award Defendants damages on its counterclaim, and its attorneys fees, costs and disbursements herein, along with such further relief as the Court deems just and proper.

/s/_____
Loraine M. Cortese-Costa (ct03984)
Durant, Nichols, Houston, Hodgson
& Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT  06604
Telephone (203) 366-3438
Facsimile (203) 384-0317
Lcortese-costa@durantnic.com

Jonathan A. Wexler
Vedder Price P.C.
1633 Broadway – 47th Floor
New York, New York  10019
Telephone (212) 407-7732
Facsimile (212) 407-7799
jwexler@vedderprice.com

ATTORNEYS FOR DEFENDANTS
Moore Wallace of North America, Inc.
David LaBroad

## **CERTIFICATION**

I hereby certify that I have caused to be served this 8th day of January, 2009, a true and correct copy of the foregoing via electronic mail upon all counsel of record.

Stephen P. Horner, Esq.
Rucci, Burnham, Carta, Carello & Reilly, LLP
30 Old Kings Highway South
P.O. Box 1107
Darien, CT  06820
*Attorneys for Plaintiff*

/s/_____
Loraine M. Cortese-Costa

P:\lit\kam\887900\005\00071376.DOC